```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF TEXAS
 2                       SAN ANTONIO DIVISION

 3
     UNITED STATES OF AMERICA,        .
 4                                    .
             vs.                      . DOCKET NO. 5:17-CR-31-XR-1
 5                                    .
     MICHAEL J. BADGETT,              .
 6                                    .
                     DEFENDANT.       .
 7

 8

 9           TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS
                BEFORE THE HONORABLE HENRY J. BEMPORAD
10                 UNITED STATES MAGISTRATE JUDGE
                          JANUARY 31, 2017
11

12   APPEARANCES:
     FOR THE PLAINTIFF:       DANIEL P. BUTLER
13                            ASSISTANT UNITED STATES ATTORNEY
                              FRAUD SECTION, CRIMINAL DIVISION
14                            U.S. DEPARTMENT OF JUSTICE
                              1400 NEW YORK AVENUE, NW, ROOM 4404
15                            WASHINGTON DC 20530

16

17   FOR THE DEFENDANT:       MARINA THAIS DOUENAT
                              OFFICE OF THE FEDERAL PUBLIC DEFENDER
18                            727 E. CESAR E. CHAVEZ BOULEVARD
                              SAN ANTONIO TX 78206
19

20

21

22   REPORTED BY:            GIGI SIMCOX, RMR, CRR
                              OFFICIAL COURT REPORTER
23                            UNITED STATES DISTRICT COURT
                              SAN ANTONIO, TEXAS
24

25
```

1    *(San Antonio, Texas; January 31, 2017, at 2:31 p.m., in*
2    *open court.)*
3    (Miss Ariano and Mr. Zambrano were addressed individually
4    [phonetic spelling].)
5    (The following pertains to Mr. Badgett only.)
6    THE COURT:  And then finally in Mr. Badgett's case, I
7    don't want him to feel left out, like there is nothing unusual
8    in his case.  In Mr. Badgett's case, this is his first
9    appearance here in court.  It's my understanding that there's
10   been an Information proposed by the -- or filed by the
11   government and Mr. Badgett is pleading guilty to all three
12   counts of that Information; is that correct?
13   MS. DOUENAT:  That's correct, your Honor.
14   THE COURT:  All right.  Then I saw in the plea
15   agreement that there was an 11(c)(1)(B), a recommendation
16   agreement in this case, with a guideline range that's been
17   stipulated as part of that recommendation of 37 to 46 months;
18   is that correct?
19   MS. DOUENAT:  Right.  Yes.
20   THE COURT:  Except, that as I understand it, the
21   maximum available, even with consecutive sentences, would be
22   36 months.
23   MS. DOUENAT:  That's correct, your Honor.
24   THE COURT:  All right.  Very well.  There is also a
25   plea agreement that -- I'm sorry -- there is a waiver

1  agreement that would waive the right to appeal except in the

2  case of an upward departure, but I don't see how there could

3  be one.  I would like just to make sure I understand because I

4  need to advise Mr. Badgett as to the terms of this appeal

5  waiver.  So let me hear from the parties as to their

6  understanding.

7         MS. DOUENAT:  Well, at this point -- well, you've got

8  a point.  We have an agreement that the guidelines are 37,

9  which are beyond what an upward departure could be.

10        THE COURT:  Right.

11        MS. DOUENAT:  So, yes.

12        THE COURT:  So what would happen is, if for some

13  reason the judge were to calculate the guidelines much lower

14  but then depart upward, he would have the right to appeal?

15        MS. DOUENAT:  That's correct.

16        THE COURT:  Got it.

17        Is that the understanding of the prosecution as well?

18        MR. BUTLER:  Yes, your Honor.

19        THE COURT:  All right.  Very well.  I can try to

20  advise Mr. Badgett as is needed under Rule 11 with regard to

21  that.  All right.  Very well.  Thank you.  I thank the parties

22  for explaining these circumstances.

23        Now let me turn to the three defendants I have in

24  front of me.  Miss Ariano, gentlemen, it's my understanding,

25  as you just heard, I was discussing with the attorneys that

1  you've decided to enter pleas to the charges that have been

2  filed against you in either Informations or Indictments.  It's

3  my job to make sure that your decisions are knowing and

4  voluntary, that you understand the -- that you understand the

5  nature of the charges against you in this document, the

6  maximum penalties that you could face, which we were just

7  discussing.

8          I need to make sure you understand your

9  constitutional rights.  These are the rights that you give up

10  by pleading guilty today.  I want to also make sure that your

11  pleas are not forced, or threatened, or coerced in any way,

12  and that there is a factual basis.  In other words, that there

13  are facts that support the pleas that you are entering.

14          Now, to do all of these things I need to ask each of

15  you some questions, so I'm going to ask my courtroom deputy to

16  place each of you under oath at this time.

17  (Miss Ariano, Mr. Zambrano, and Michael J. Badgett were

18  duly sworn.)

19          THE COURT:  All right.  First thing I need to ask

20  each of you is, I want to make sure you are understanding my

21  questions and can understand these proceedings, so let me ask

22  you this, whether you are currently suffering from any

23  physical ailment, or taking any sort of medication, have any

24  sort of physical or mental condition, or under the influence

25  of drugs or alcohol, anything like that, that would make it

1   difficult for you to understand me today.

2          Miss Ariano, any problems like that, ma'am?

3          THE DEFENDANT:  No, your Honor.

4          THE COURT:  Mr. Zambrano, any problems like that?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  And how about you, Mr. Badgett, any

7   problems like that?

8          THE DEFENDANT:  No.

9          THE COURT:  Let me ask counsel for the defense

10  whether they have any doubts as to the competency of their

11  client.

12          For Mr. Badgett?

13          MS. DOUENAT:  No, your Honor.

14          THE COURT:  For Mr. Zambrano?

15          UNIDENTIFIED SPEAKER:  I have no concerns about

16  competency.

17          THE COURT:  Thank you.

18          And for Miss Ariano?

19          UNIDENTIFIED SPEAKER:  No, your Honor.

20          THE COURT:  Now, each of you have been placed under

21  oath.  That means you have to answer my questions truthfully.

22  If you were to answer them falsely, you could be prosecuted

23  for perjury or for false statement.  So if at any time you

24  don't want to -- you want to speak to an attorney before

25  answering a question to your attorney [verbatim], or you want

1  me to repeat the question before answering, that's fine.  Let

2  me know and I'll repeat the question or give you an

3  opportunity to talk to your attorneys.

4        Now, let's look at these documents that we have in

5  front of us.  And the first thing I want to point out, I have

6  a Superseding Information for Miss Ariano.  I have an

7  Indictment from Midland—Odessa for Mr. Zambrano, and I have an

8  Information for Mr. Badgett.  The first thing I want to point

9  out about these documents is the case number.

10        In the case of Mr. Badgett, you'll see a case number

11  in bold letters and numbers at the top of the page.  In the

12  case of Miss Ariano, it's a little harder to see.  It says it

13  right above the Superseding Information.  And for Mr. Zambrano

14  the current case number is right at the top of the document.

15  At the end of those case numbers you'll see some letters,

16  either DAE for David Ezra, or XR for Xavier Rodriguez.  These

17  are the district judges in your cases.  These are the judges

18  who will be imposing sentence in your cases.

19        Now, you have the right to plead guilty before the

20  district judge, if you wish.  Or, if you agree, you can

21  consent to plead guilty in front of me, today, a magistrate

22  judge.

23        So I'll start with you, Miss Ariano.  Do you consent

24  to plead guilty before me today?

25        THE DEFENDANT:  Yes, your Honor.

```
1             THE COURT:  How about you, Mr. Zambrano?
2             THE DEFENDANT:  Yes, your Honor.
3             THE COURT:  How about you, Mr. Badgett?
4             THE DEFENDANT:  Yes, your Honor.
5             THE COURT:  That reminds me.  I have one more
6  question about Mr. Badgett's case.  This is now a class A
7  misdemeanor, but I'm assuming the parties are still going to
8  seek to have this case sentenced before Judge Rodriguez; is
9  that correct?
10            MR. BUTLER:  That is correct, your Honor.
11            MS. DOUENAT:  Yes, your Honor.
12            THE COURT:  All right.  I just wanted to make sure.
13 Very well.
14     (Miss Ariano and Mr. Zambrano were addressed
15 individually.)
16     (The following pertains to Mr. Badgett only.)
17            THE COURT:  Now I'll finally turn to Mr. Badgett.
18 Mr. Badgett, this is your first time in court on this matter,
19 but you're here on an Information.  This particular
20 Information charges three counts.  That means three different
21 offenses.  And those offenses are all the same charge, willful
22 failure to file a tax return.  Let me ask you, sir, have you
23 received a copy of this Information and discussed it with your
24 attorney?
25            THE DEFENDANT:  Yes, your Honor.
```

1          THE COURT:  All right.  Do you understand the nature

2  of the charges in the Information against you?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  There is also a plea agreement in your

5  case, sir.  Did you sign the plea agreement documents in this

6  case?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  All right.  Did you review them with your

9  attorney?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  And do you agree to them, sir?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  All right.  Then as to the charges of

14  willful failure to file a return in counts one through three

15  of the information against you, how do you plead, guilty or

16  not guilty?

17          THE DEFENDANT:  Guilty.

18     (The following pertains to all defendants.)

19          THE COURT:  All right.  Now, before I can recommend

20  that these guilty pleas be accepted, I need to advise you of

21  the rights you're giving up by pleading guilty today.  Each of

22  you have the right to plead not guilty.  If you pled not

23  guilty, the government, represented by the prosecutors, would

24  be called upon to present witnesses against you at trial.  You

25  would have a right to be represented by your attorney

1   throughout the proceedings, to cross-examine and confront any

2   witness against you.  You would have the right to present your

3   own witnesses, if you wish.

4          Each of you would have the right to testify, if you

5   wish.  But if you chose not to testify, you would have the

6   right to remain silent and it couldn't be held against you if

7   you decided not to testify.  Most importantly, each of you

8   would be presumed innocent of these charges.  It would be the

9   government's burden to prove you guilty beyond a reasonable

10  doubt to a jury.

11         Mr. Badgett, do you understand this?

12         THE DEFENDANT:  Yes.

13         THE COURT:  All right.  How about you, Mr. Zambrano,

14  do you understand?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  And you, Miss Ariano, do you understand,

17  ma'am?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  All right.  By pleading guilty today

20  you're giving up these rights.  You're allowing the district

21  judge to find you guilty based solely on your own statements.

22         Mr. Badgett, do you understand?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Mr. Zambrano?

25         THE DEFENDANT:  Yes, your Honor.

1        THE COURT:  And you, Miss Ariano?

2        THE DEFENDANT:  Yes, your Honor.

3        THE COURT:  All right.  Now, I also want to talk to

4  you about the consequences of your plea.  In other words, the

5  penalties you could face by pleading guilty today.  And these

6  penalties are actually set out in the plea agreements in your

7  case.

8        So I'll start with you Miss Ariano.

9     (Miss Ariano and Mr. Zambrano were addressed

10  individually.)

11    (The following pertains to Mr. Badgett only.)

12        THE COURT:  In your case, Mr. Badgett, you'll find

13  the penalties on page --

14        MR. BUTLER:  Two, your Honor.

15        THE COURT:  Two, yeah.  Page two, paragraph three of

16  the plea agreement.  They are as follows:  For each of the

17  counts in the Indictment -- I'm sorry -- the Information, you

18  face up to one year of imprisonment, a maximum fine of

19  $25,000.

20        Is that correct?

21        MR. BUTLER:  Yes, your Honor.

22        THE COURT:  A maximum term of supervised release for

23  each count of one year, and a mandatory special assessment of

24  $25 per count.  These are the penalties you face, sir.  Do you

25  understand?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Now, there is also, in the plea agreement

3    you have agreed, as I -- if I remember, to also pay

4    restitution in this case and also pay prior year income taxes.

5    Do you understand that, sir?

6          THE DEFENDANT:  Yes, your Honor.

7       (The following pertains to all defendants.)

8          THE COURT:  Now, I want to talk to all of you about a

9    couple of these penalties in more detail.  First let's talk

10   about imprisonment.  In determining the imprisonment term, the

11   length of it, or whether to impose imprisonment, and so forth,

12   the district judges have to consider something called the

13   sentencing guidelines.  Now, they are a set of rules created

14   by the sentencing commission in Washington and they set up a

15   range of punishment for each defendant, based both on the

16   defendant's background, any criminal history they might have,

17   but also the offense to which they have been found guilty.

18          What each of you need to understand is these

19   guidelines are advisory only.  That means the judge has to

20   consider them but he doesn't have to follow them.  He can

21   depart from the guidelines for reasons identified by the

22   sentencing commission, or he can simply reject the guidelines

23   and impose any sentence he believes to be appropriate under

24   the applicable sentencing statutes.

25          Let me start with you, Mr. Badgett, have you

1  discussed the guidelines with your attorney?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  And you understand they are advisory only

4  in your case; the judge has to consider them but he doesn't

5  have to follow them?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Mr. Zambrano, same question for you, sir.

8  Did you discuss the guidelines with your attorney?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  And you understand they are advisory only

11  in your case?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Miss Ariano, same questions for you,

14  ma'am.  Did you discuss the guidelines with your attorney?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  And you understand they are advisory

17  only?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  All right.  Now, I also want to talk to

20  you about supervised release.  There is no parole in the

21  federal system.  If imprisonment is imposed, that is the time

22  you will do, less only a very small amount off for good time.

23          There is, however, supervised release.  It works like

24  parole.  You are released on conditions.  You have to follow

25  those conditions.  If you fail to follow those conditions, you

1    can have your release revoked and go back to prison without

2    credit for the time you had on release.

3              Mr. Badgett, do you understand?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Mr. Zambrano, do you understand, sir?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  And you, Miss Ariano, do you understand,

8    ma'am?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  All right.  Let me ask you, Mr. Badgett,

11   are you a citizen of the United States?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Mr. Zambrano?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  And you, Miss Ariano?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  The reason I ask is for noncitizens there

18   are more consequences I have to talk to them about.  Knowing

19   all of the consequences I have mentioned, however, do you

20   still want to plead guilty, Mr. Badgett?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Mr. Zambrano?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  And you, Miss Ariano?

25             THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  All right.  Now, I also want to talk to

2    you, as I mentioned, about the plea agreements in your cases,

3    because in the plea agreements each of you have agreed to do

4    some things and the government has agreed to do some things.

5    One of the things that each of you has agreed to do is waive

6    your right to appeal your sentence, and that goes back to some

7    of the things I mentioned before.

8          You might disagree with the way that the district

9    judge calculates the guidelines in your case, or you might

10   disagree with the sentence he ultimately chooses to impose.

11   Normally you would have a right to challenge the guideline

12   calculations in matters like that, but you are waiving some or

13   all of that right in exchange for the concessions of the

14   government in these plea agreements.

15         Mr. Badgett, do you understand?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  How about you, Mr. Zambrano, do you

18   understand?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  And you, Miss Ariano, do you understand?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  All right.  Now, the government has

23   agreed to do some things as well.  So in the case of Miss

24   Ariano, the government has agreed to dismiss the Indictment

25   against you, ma'am, you're going forward on a Superseding

1 Information.

2        In the case of Mr. Zambrano the government has agreed

3 to a sentence.  A sentence of -- the parties have agreed to a

4 sentence, a sentence of 120 months on this count.  All right.

5        And in Mr. Badgett's case, the government has agreed

6 to make some recommendations, or to -- recommendations as to

7 the guideline range, recommendation as to the sentencing

8 matters in this case.

9        If the government does not dismiss the charge against

10 you in the Indictment, Miss Ariano, you can withdraw your

11 plea.

12        In your case, Mr. Zambrano, if the government -- if

13 the judge imposes a sentence other than ten years on this

14 count, you can withdraw your plea.

15        But with regard to other sentencing recommendations,

16 for example, a recommendation as to acceptance of

17 responsibility, for you, Miss Ariano, or recommendation in

18 your case, Mr. Zambrano, as to whether the sentence should be

19 concurrent or consecutive, you might disagree with the way the

20 judge imposes sentence.

21        And, again, Mr. Badgett, in your case, the judge

22 might not follow the recommendations of the government or the

23 recommendations of your attorney.  Each of you need to

24 understand this ultimate sentencing decision is up to the

25 judge.  And even if the judge doesn't follow those sorts of

1    recommendations, you can't withdraw your plea.

2          Mr. Badgett, do you understand?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Mr. Zambrano, do you understand, sir?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  And you, Miss Ariano, do you understand?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  All right.  Now, besides the promises and

9    predictions in these plea agreements, let me ask you this.

10   Has anybody made any promise to you, or any prediction to you

11   as to what your sentence will be?

12         Mr. Badgett?

13         THE DEFENDANT:  No.

14         THE COURT:  Mr. Zambrano?

15         THE DEFENDANT:  No, your Honor.

16         THE COURT:  Miss Ariano?

17         THE DEFENDANT:  No, your Honor.

18         THE COURT:  All right.  Has anyone forced you, or

19   threatened you, or coerced you in any way into pleading

20   guilty, Mr. Badgett?

21         THE DEFENDANT:  No, your Honor.

22         THE COURT:  Mr. Zambrano?

23         THE DEFENDANT:  No, your Honor.

24         THE COURT:  And Miss Ariano?

25         THE DEFENDANT:  No, your Honor.

1        THE COURT:  All right.  The last thing I need to

2   determine is whether there is a factual basis to support the

3   pleas that you are entering.  That means there are facts to

4   support the charges in these charging documents against you.

5   In each of your cases in the plea agreement there is a factual

6   basis set out as to what facts the government believes they

7   could prove beyond a reasonable doubt if the case went to

8   trial.

9        Let me start with you, Mr. Badgett.  Oh.  I'm sorry

10  Mr. Badgett.  I said that wrong.  There is a separate document

11  in your case that's a factual basis.  It's not actually a part

12  of the plea agreement, but there's a separate factual basis.

13  It appears to be signed by you, signed by your attorney,

14  signed by the attorney for the government.  Let me ask you

15  about that, sir.  Have you reviewed this factual basis with

16  your attorney?

17        THE DEFENDANT:  Yes, your Honor.

18        THE COURT:  Do you agree with these facts?

19        THE DEFENDANT:  Yes, your Honor.

20        THE COURT:  All right.  Now, in your case,

21  Mr. Zambrano, the facts are actually set out in the plea

22  agreement and there was one correction that was made on page

23  three, that you were not arrested at the residence where they

24  found this methamphetamine and heroin, you were arrested at

25  your own residence at the time of this offense.  Other than

1   that, have you reviewed the facts in the plea agreement with

2   your attorney?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  And do you agree with the facts in the

5   plea agreement?

6           THE DEFENDANT:  Yes, Your Honor.

7           THE COURT:  All right.  Same question for you,

8   Miss Ariano.  Have you reviewed the facts in the plea

9   agreement with your attorney?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  And do you agree with these facts, ma'am?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Miss Ariano, any question about anything

14  we've done today?

15          THE DEFENDANT:  No, your Honor.

16          THE COURT:  How about you, Mr. Zambrano, any question

17  about anything we've done today?

18          THE DEFENDANT:  No, sir.

19          THE COURT:  Mr. Badgett, any questions at this time,

20  sir?

21          THE DEFENDANT:  No, sir.

22          THE COURT:  All right.  Very well.  Then I'm going to

23  make the following findings.  I find that each of the

24  defendants is competent to proceed today; that each of the

25  defendants consented to plead guilty in front of me, a

1  magistrate judge; that each of the defendants understands the

2  nature of the charges in these documents against them and the

3  penalties that they face by pleading guilty; that each of the

4  defendants understands their constitutional rights and their

5  statutory rights, and have decided to waive those rights; that

6  each of the pleas entered are freely, knowing, and voluntarily

7  made; and that there is a factual basis to support each of the

8  pleas.

9          I therefore will recommend to the district judges

10 that the plea has been accepted and a judgment of guilty as to

11 each of the defendants.

12         Now, I want to speak to you briefly about sentencing

13 in your cases.  In Mr. Sombrano's case sentencing is set for

14 April 10th at 9 in the morning.

15         UNIDENTIFIED SPEAKER:  Your Honor, is that the same

16 day as the sentencing in the San Antonio guilty plea?

17         THE COURT:  I'm assuming, but I do not know.

18         UNIDENTIFIED SPEAKER:  Okay.

19         THE COURT:  But I'll ask my courtroom deputy to

20 check.

21         In the case of Miss Ariano, sentencing is set for

22 May 1st at 9 in the morning.

23         And in the case of Mr. Badgett, sentencing is set for

24 May 3rd at 1:30 in the afternoon.

25         Now, before sentencing in your cases, the probation

1  officer will create something called a Presentence Report.

2  It's a report that has information about you, your background,

3  any criminal history you might have.  It will also have

4  information about this offense you've been found guilty of and

5  the guidelines that I mentioned before.

6          As part of creating those reports, the probation

7  officer will probably want to interview each one of you.  You

8  have a right to have your attorney present for the interview.

9  You have a right to object to anything you disagree with in

10 the report, and you have a right to comment on the report at

11 sentencing, and each of you will have the right to speak to

12 the judge before sentence is imposed.

13         Now, the last thing I want to cover today is in

14 Mr. Badgett's case.  As I mentioned, Mr. Badgett, this is your

15 first time here in court and we did all of your proceedings at

16 one time.  So I'm prepared to set conditions of release in

17 this case.  You'll be on conditions of release until the time

18 of your sentencing, unless there is any objection from the

19 government at this time.

20         MR. BUTLER:  No, your Honor.

21         THE COURT:  All right.  Very well.

22         I have a pretrial services report in your case and

23 I'm going to review these conditions right now.  Mr. Badgett,

24 am I right in saying that you are living in Riverview, Florida

25 right now?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  All right.  Very well.

3          All right.  So let me go over the conditions with

4   you, sir.  What I'm going to be setting is called an

5   appearance and compliance bond.  It's not -- you are not

6   required to put any money up, but a bond is a promise by you.

7   It's a promise that you are going to appear for court, and if

8   imprisonment is imposed, that you will come and do your time,

9   and that you are going to follow the other conditions that I'm

10  setting today.

11         I'm setting that bond in the amount of $50,000.  So

12  if you fail to show up for court, or you violate the

13  conditions of bond, you are going to have a money judgment

14  against you to the federal government in the amount of

15  $50,000.  Do you understand?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  All right.  I'm going to set some

18  conditions as I mentioned.  The most important condition,

19  first condition, is that you report to your pretrial services

20  officer.  It will probably be an officer there in Florida, but

21  it may be here in San Antonio, and that's important because

22  that's the person who's going to be monitoring your case to

23  make sure you follow all the other conditions that I set.

24         I'm going to require that you maintain verifiable

25  employment.  You need to surrender any passports you have and

1   not obtain another passport.  You are going to be residing at

2   the residence we just mentioned in Riverview, and that's been

3   approved by pretrial services.  Your travel will be restricted

4   to the Western District of Texas -- that's where San Antonio

5   is -- and also the Middle District of Florida, which is a

6   large district in Florida.  If you have questions about where

7   exactly you can travel for business or other purposes, you

8   need to talk to your pretrial services officer.

9           I'm going to also -- let me see.  I think those are

10  all the conditions I'm going to set in this case, unless there

11  is a request for any other conditions from the government.

12          MR. BUTLER:  No, your Honor.

13          THE COURT:  All right.  Very well.

14          MS. DOUENAT:  Sorry, your Honor.  I just wanted to

15  confirm that his family was --

16          THE COURT:  Is here?

17          MS. DOUENAT:  Is here.

18          THE COURT:  So he's in Florida but his family is

19  here.  So I'll allow you to travel, not just for court, but

20  you can travel to visit your family.  I'm not going to

21  restrict the reasons for which you could travel.

22          All right.  Do you agree to follow these conditions

23  that I have set, Mr. Badgett?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  All right.  Then I'm going to go ahead

1  and sign the conditions of release and the appearance bond at

2  this time.  You'll get a chance to review these with your

3  attorney to sign these documents as well.  Then you'll need to

4  go to the marshal's office, probably so they can get some

5  identification information from you for processing, and then

6  you'll be ready to go on your way.

7        Let me ask.  Anything further in Mr. Badgett's case

8  from either party?

9        MS. DOUENAT:  No, your Honor.

10        MR. BUTLER:  No, your Honor.

11     (Concludes proceedings.)

12                         -o0o-

13     I certify that the foregoing is a correct transcript from

14  the record of proceedings in the above-entitled matter.  I

15  further certify that the transcript fees and format comply

16  with those prescribed by the Court and the Judicial Conference

17  of the United States.

18

19  Date:  01/30/2018          /s/  Gigi Simcox
                               United States Court Reporter
20                             655 East Cesar E. Chavez Blvd.
                               San Antonio TX 78206
21                             Telephone:  (210) 244-5037

22

23

24

25