# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL J. BADGETT,
a/k/a:  Michael Badgett

   Defendant.

Case Number: 5:17-CR-00031-XR(1)
USM Number: 85615-380

## *SECOND AMENDED JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)
#### *Amended to clarify restitution amount

The defendant, MICHAEL J. BADGETT, was represented by Marina Thais Douenat, Esq.

The defendant pled guilty to Count(s) One, Two and Three of the Information on January 31, 2017.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. § 7203 | Willful Failure to File a Return | 04/15/2013 | One, Two & Three |

As pronounced on January 10, 2018, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

SECOND AMENDED signed this _____ day of _____, 2018.

_____
XAVIER RODRIGUEZ
United States District Judge



AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 2 of 6

DEFENDANT:       MICHAEL J. BADGETT
CASE NUMBER:    5:17-CR-00031-XR(1)

## IMPRISONMENT

    The defendant shall be  imprisoned for a total term of **Four (4) months on each of Counts One, Two and Three, terms to run consecutive, for a TOTAL SENTENCE OF TWELVE (12) MONTHS.**  The twelve-month period shall be served at a Residential Center (halfway house) in the State of Florida.  The defendant may be required to contribute to the costs in an amount to be determined by the Probation Officer, based on the defendant's ability to pay.  The defendant shall be released from the halfway house solely for employment or medical appointments, approved in advance by the United States Probation Office.

    The defendant shall surrender for service of sentence at the halfway house no later than sixty (60) days from the date of this judgment. The United States Probation Office shall notify the defendant of the designated facility and time to surrender.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                            _____

                                                     UNITED STATES MARSHAL

                                            _____

                                                          By
                                 DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                    Judgment — Page 3 of 6

DEFENDANT:          MICHAEL J. BADGETT
CASE NUMBER:        5:17-CR-00031-XR(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release a term of **ONE (1) YEAR on each of Counts One, Two and Three, to run consecutive for a TOTAL TERM OF THREE (3) YEARS.**

While on supervised release the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                    Judgment -- Page 4 of 6

DEFENDANT:       MICHAEL J. BADGETT
CASE NUMBER:     5:17-CR-00031-XR(1)

## CONDITIONS OF SUPERVISION

Mandatory Conditions:

[1]    The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]    The defendant shall not unlawfully possess a controlled substance.

[3]    The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test
       within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined
       by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's
       presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]    The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a
       sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]    If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42
       U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration
       agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]    If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved
       program for domestic violence.

[7]    If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the
       Schedule of Payments sheet of the judgment.

[8]    The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]    The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the
       defendant's ability to pay restitution, fines or special assessments.

Standard Conditions:

[1]    The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside
       within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different
       probation office or within a different time frame.

[2]    After initially reporting to the probation office, the defendant will receive instructions from the court or the probation
       officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as
       instructed.

[3]    The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first
       getting permission from the court or the probation officer.

[4]    The defendant shall answer truthfully the questions asked by the probation officer.

[5]    The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives
       or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify
       the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to
       unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a
       change or expected change

DEFENDANT:        MICHAEL J. BADGETT
CASE NUMBER:      5:17-CR-00031-XR(1)

[6]   The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

[7]   The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so.  If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so.  If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8]   The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity.  If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9]   If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10]  The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11]  The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12]  If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction.  The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13]  The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14]  If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15]  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16]  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                    Judgment -- Page 6 of 6

DEFENDANT:          MICHAEL J. BADGETT
CASE NUMBER:        5:17-CR-00031-XR(1)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

      The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206.  The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $75.00     | $.00 | $6,527,491.76 *($5,391,464.00 restitution & $1,136,027.76 accrued interest)* |

### SPECIAL ASSESSMENT

      It is ordered that the defendant shall pay to the United States a special assessment of $75.00.  This amount represents $25.00 on each of Counts One, Two and Three for a TOTAL AMOUNT DUE OF $75.00.

### FINE

      The fine is waived because of the defendant's inability to pay.

### RESTITUTION

      The defendant shall pay restitution in the amount of $5,391,464.00 plus accrued interest of $1,136,027.76, for a **total amount due of $6,527,491.76**, through the Clerk, U.S. District Court, for distribution to the payee(s).  Payment of this sum shall begin immediately.

      The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002" to the District Clerk within ten (10) days after the criminal Judgment has been entered.

| **Name of Payee** | **Amount of Restitution** |
|-------------------|---------------------------|
| IRS-RACS          | $ 5,391,464.00            |
| Accrued Interest  | $ 1,136,027.76            |
| TOTAL AMOUNT DUE  | $ 6,527,491.76            |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.